UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

*Electronically Filed*

DEMING SMITH, individually & on
behalf of all similarly situated,

    Plaintiff(s)

                              Case Number _____

v.

BLUEAGLE MEDICAL TRANSPORTATION, LLC
& BATH MEDICAL TRANSPORTATION, INC.

    Defendants
_____/

## Complaint & Jury Demand

1.    The named Plaintiff, Deming Smith individually and on behalf of all similarly situated, sues Defendants, Blueagle Medical Transportation, LLC and Bath Medical Transportation, Inc., pursuant to 29 U.S.C. § 216(b) for failing to pay overtime in accordance with 29 U.S.C. § 207(a).

2.    Defendants transport medical patients from their residences to appointments—many of which are medical appointments or related to health and wellness activities.

3.    Defendants collect payments from private insurance companies.

4.    Defendants collect payments from Medicaid.

5.    Defendants collect payments from Medicare.

6.    Defendants have annual gross revenues in excess of $500,000.00.

7.    Plaintiff(s) are drivers.

8. Defendants pay Plaintiff(s) pursuant to a uniform Driver Pay Policy.

9. The Driver Pay Policy does not compensate Plaintiff(s) overtime pay for hours worked over forty.

10. Plaintiff(s) routinely work over forty hours in a workweek.

11. Yet Plaintiff(s) are not paid premium pay pursuant to 29 U.S.C. § 207(a)(1).

12. Defendants provide services in many Kentucky counties.

13. For instance, named Plaintiff performed services for Defendants in, among other counties, Floyd and Pike counties.

14. Defendants claim their principal place of business is 6824 Flemingsburg Rd, Morehead, Kentucky 40351.

15. Defendants have the same officers/members located at the same location.

16. Charles Hall is vice president of the corporation and a member of the limited liability company.

17. Mica Hall is president of the corporation and a member of the limited liability company.

18. Beverly Winkleman is secretary of the corporation and a member of the limited liability company.

19. Charles Hall hired named Plaintiff.

20. Charles Hall fired named Plaintiff.

21. Charles Hall directed Plaintiff(s).

22. Charles Hall was an employer of Plaintiff(s) as defined by 29 U.S.C. § 203(d).

23. Defendants were Plaintiff(s) employer as defined by 29 U.S.C. § 203(d).

24. Defendants willfully violated the Fair Labor Standards Act (FLSA).

25. Specifically, Defendants willfully created false time sheets for Plaintiff(s) where all compensable time was not recorded or acted in reckless disregard of the FLSA.

26. Defendants violated the record keeping provision of the FLSA found at 29 U.S.C. § 211(c).

27. Compensable time includes all time that Plaintiff(s) worked.

28. Defendant neither recorded nor paid Plaintiff(s) for travel all in a day's work in accordance to 29 C.F.R. § 785.38.

29. Plaintiff(s) principal activity was driving one of Defendants' vehicles.

30. Defendants were required to pay Plaintiff(s) for work performed in accordance to 29 C.F.R. §§ 785.38 & .41.

31. Defendants engaged Plaintiff(s) to wait, yet paid nothing to Plaintiff(s) for such time.

32. Defendants paid Plaintiff(s) for the estimated time from the location where the patient is picked up and dropped off.

33. Defendants did not and do not, at the time of this complaint, pay Plaintiff(s) for the time Plaintiff(s) are engaged to wait for Defendant's patient to finish his/her appointment.

34. Defendants' Driver Pay Policy violates 29 C.F.R. §§ 785.14 & .15.

35. Waiting for patients to complete their appointments is an integral part of Plaintiff(s) work for Defendant.

36. If an appointment is long Plaintiff(s) will transport other patients for Defendant during the time that another patient or patients is completing their appointments.

37. Plaintiff(s) include all drivers that worked for Defendants within three years of this complaint and were paid pursuant to Defendants' Driver Pay Policy which did not compensate drivers for all time: (a) transporting Defendants' patients; (b) engaged to wait for patients; (c) preparing and completing paperwork; and (d) all travel in a day's work.

38. The named Plaintiff consents to bring this suit on his own behalf of and on behalf of all similarly situated.

39. Plaintiff(s) worked overtime without premium pay.

40. All drivers of Defendants are owed unpaid overtime for the same reason that named Plaintiff is owed overtime.

41. Named Plaintiff resides in Mount Sterling, Kentucky.

42. The Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

43. Venue is appropriate in Pikeville, because Plaintiff(s) part of their claim for unpaid overtime accrued in counties covered by the Pikeville Division.

44. Defendants are an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s).

45. Defendants employ employees that handle goods or materials that have moved in interstate commerce, such as vans, paper, cell phones, uniforms and pens.

46. Defendants employ employees that are individually covered by the FLSA.

47. Defendants employ employees that bill out-of-state insurance companies.

48. Defendants employ employees that travel out of state.

49. Defendants employ employees that bill the government.

50. Plaintiff(s) are engaged in commerce.

51. Plaintiff(s) drive vehicles that weigh less than 10,000 lbs.

52. Plaintiff(s) are entitled to overtime pay pursuant to the FLSA for all hours worked over forty in a workweek.

53. Defendants did not treat the named Plaintiff any differently than other drivers in regards to pay practices.

54. Defendants paid all drivers in the same manner.

55. Plaintiff(s) had the same principal job duties, i.e. transport patients.

56. Defendants owe unpaid overtime to Plaintiff(s).

57. Defendants continue to violate the FLSA.

58. Plaintiff(s) demand trial by jury.

Wherefore, named Plaintiff demands facilitation of notice to all putative class members, final certification, unpaid overtime for Plaintiff(s), an equal amount in liquidated damages, a declaration that Defendants' record keeping violates the FLSA, judgment, attorneys' fees and costs.

Respectfully submitted this 22nd day of August 2017,

/s/ *Bernard R. Mazaheri*
Bernard R. Mazaheri
Morgan & Morgan
333 W Vine St Ste 1200
Lexington, Kentucky 40507
Tel – (859)286-8368
Email – bmazaheri@forthepeople.com

Counsel for Plaintiff(s)